UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HELEN SWARTZ,   Case No.: 1:18-cv-06761 (AJN)

                Plaintiff,

    -against-

                               **ANSWER TO COMPLAINT**

SAN CARLOS HOTEL, INC., a New York
Corporation,

                Defendant.
------------------------------------------------------------X

      Defendant, SAN CARLOS HOTEL, INC. (the "Defendant"), by its counsel, Kaufman Dolowich & Voluck, LLP, as and for its Answer to Plaintiff's Complaint (hereinafter the "Subject Complaint"), sets forth the following:

### DEFENDANT'S RESPONSE TO PLAINTIFF'S "COMPLAINT"

      Defendant neither admits nor denies the allegations set forth in the Paragraph entitled "COMPLAINT" of the Subject Complaint as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers to the Court for any issues of law contained therein.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S "COUNT 1"

    1.    Defendant admits the allegations set forth in Paragraph "1" of the Subject Complaint.

    2.    Defendant neither admits nor denies the allegations set forth in Paragraph "2" of the Subject Complaint as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers to the Court for any issues of law contained therein.

3. Defendant neither admits nor denies the allegations set forth in Paragraph "3" of the Subject Complaint, as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers to the Court for any issues of law contained therein.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph "4" of the Subject Complaint, except denies that Plaintiff has encountered architectural barriers at the subject property that have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

5. Defendant neither admits nor denies the allegations set forth in Paragraph "5" of the Subject Complaint, as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers to the Court for any issues of law contained therein.

6. Defendant denies the allegations set forth in Paragraph "6" of the Subject Complaint.

7. Defendant denies the allegations set forth in Paragraph "7" of the Subject Complaint.

8. Defendant denies the allegations set forth in Paragraph "8" of the Subject Complaint.

9. Defendant denies the allegations set forth in Paragraph "9" of the Subject Complaint.

10. Defendant denies the allegations set forth in Paragraph "10" of the Subject Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Subject Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Subject Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Subject Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Subject Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Subject Complaint.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S "WHEREFORE"

Defendant denies Plaintiff's claim for judgment and relief demanded in his "WHEREFORE" Paragraph of the Subject Complaint.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S "COUNT II - VIOLATION OF NEW YORK CIVIL RIGHTS LAW"

16. Defendant, in response to Paragraph "16" of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs "1" through "15" of this Answer as though fully set forth herein.

17. Defendant neither admits nor denies the allegations set forth in Paragraph "17" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

18. Defendant neither admits nor denies the allegations set forth in Paragraph "18" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

19. Defendant neither admits nor denies the allegations set forth in Paragraph "19" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

20. Defendant denies the allegations set forth in Paragraph "20" of the Subject Complaint.

21. Defendant neither admits nor denies the allegations set forth in Paragraph "21" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

22. Defendant neither admits nor denies the allegations set forth in Paragraph "22" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

23. Defendant neither admits nor denies the allegations set forth in Paragraph "23" of the Subject Complaint, as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and respectfully refers to the Court for any issues of law contained therein.

24. Defendant neither admits nor denies the allegations set forth in Paragraph "24" of the Subject Complaint; rather Defendant respectfully refers the Court to said statutory provision(s).

25. Defendant denies the allegations set forth in Paragraph "25" of the Subject Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Subject Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Subject Complaint.

**DEFENDANT'S RESPONSE
TO PLAINTIFF'S "WHEREFORE"**

Defendant denies Plaintiff's claim for judgment and relief demanded in his "WHEREFORE" Paragraph of the Subject Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

28. Each cause of action asserted against Defendant fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred and precluded by the doctrine of waiver and estoppel.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred and precluded by the doctrine of laches.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

31. The relief, in whole or in part, sought by the Subject Complaint would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or constitute an undue burden to Defendant (42 U.S.C. §12182(b)(2)(A)(iii)).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

32. The relief, in whole or in part, sought in the Subject Complaint is not readily achievable by Defendant (42 U.S.C. §12182(b)(2)(A)(iv)).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. The relief, in whole or in part, sought in the Subject Complaint is not readily achievable by Defendant (42 U.S.C. §12182(b)(2)(A)(v)).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. Defendant denies that any loss damage, or injury of any kind or character, of any sum or amount has been suffered by Plaintiff by reason of acts, omissions, carelessness, negligence, or intentional conduct on the part of defendant, or on the part of any of Defendant's agents, servants, employees, or any other person or persons acting or purporting to act on their behalf, or on behalf of any of them.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because Plaintiff has failed to invoke and exhaust administrative remedies required to be invoked and exhausted prior to the commencement of any action for recovery on the grounds asserted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36. Plaintiff's claim are barred to the extent discovery shows that Plaintiff lacks standing to seek some portion or all of the relief sough in the Subject Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37. To the extent discovery shows the relief sought by Plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by Defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

38. To the extent discovery shows the relief sought by the Subject Complaint, in whole or in part, would require disproportionate cost.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39. If Plaintiff has been damaged as alleged in her Subject Complaint, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, her, its or their agents, servants or employees over whom Defendant had no control and for whose carelessness, negligence or want of care are not responsible or liable.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40. The Subject Complaint is barred by the applicable statute of limitations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

41. Pursuant to Federal Rule of Civil Procedure 38, Defendant requests a jury trial.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff has failed to exercise reasonable diligence to mitigate her damages, if any damages were in fact suffered.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff should be deemed a vexatious litigant for various reasons including, but not limited to, the multiple actions filed by Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

44. Defendant reserves the right to assert additional Affirmative Defenses as this matter progresses.

**WHEREFORE**, Defendant demands judgment as follows:

(i) The dismissal of Plaintiff's Subject Complaint in its entirety, with prejudice; and

(ii) All reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
September 12, 2018

                                  Kaufman Dolowich & Voluck, LLP
                                  *Attorneys for Defendant*
                                  *San Carlos Hotel, Inc.*

                              By: _____
                                  Jennifer E. Sherven, Esq.
                                  Matthew R. Capobianco, Esq.
                                  135 Crossways Park Drive, Suite 201
                                  Woodbury, New York 11797
                                  T: (516) 681-1100
                                  F: (516) 681-1101
                                  E: JSherven@kdvlaw.com
                                  E: MCapobianco@kdvlaw.com

To:     All counsel of record (via ECF)

4840-6461-7585, v. 1

8